By the Court.—Sedgwick Ch. J.
The plaintiff had been a depositor with defendant. A thief stole the *471 plaintiff’s pass book and presented it and a check with the forged signature of plaintiff upon it for the sum of $175, to the bank. The bank paid the money upon the check, and the action was to recover this amount. The defendant did not dispute the existence of these facts.
When the plaintiff opened his account with the bank, he wrote his name upon the signature book of the bank. A clerk of the bank testified that he 'paid the money, after comparing the signature upon the book with the signature upon the check.
The court instructed the jury, that the plaintiff, to recover, should show to their satisfaction that the servant of the bank had been negligent in making the comparison between the signatures; that if there were dissimilarities, the jury should say whether they were such as would lead a person of reasonable prudence, to refuse to act upon the check as genuine, and whether the bank’s servant could by ordinary observation have appreciated the differences. There was no objection to ‘the charge of the court. But the learned counsel on the trial, and by a motion for a new trial, took the position that the preponderance of testimony was, that there was no negligence on the part of the bank.
The exhibits marked in the case consisted of the genuine signature on the book, and the forged check. Photographs of these are in the appeal book. Other exhibits are photographic copies of genuine signatures of plaintiff.
The learned counsel for defendant' maintains, that the preponderance of evidence in favor of defendant appears in the signatures in the book and on the check; that in this case defendant’s negligence of omission to use reasonable care in perceiving dissimilarities between the signatures (Appleby v. Erie Co. Savings Bank, 62 N. Y. 18) was not shown, because the signatures themselves incontrovertibly show that there were no dissimilarities of a kind' that would lead a person, competent *472 for the position of bank-clerk, and using his judgment with a care proportioned to the circumstances, to believe that the signature of the check was not genuine. It is affirmed that, at least, the dissimilarities were not marked and apparent; that it would call for a critical examination to detect them, and as to what was indicated by them there might be an honest difference of opinion between persons competent to judge in such matters.
My own opinion is, that there were dissimilarities which can be pointed out by a common and unskilled person, and that it does not incontrovertibly appear that a skilled clerk would not perceive in them sufficient ground for the belief that the signatures were not made by the same person. It does not, with certainty, appear that the differences were such as would occur in signatures written by one person. The question would be as to the degree of significance that would be attributed to the differences, not by the common person but by the skilled person. The solution of this depends upon the fact of what an expert would be able tp perceive, and upon the testimony as to that in the course of the trial. Such testimony was not given by an expert called for that particular purpose. The clerk, however, was an expert, and from his examination and cross-examination a jury could judge, not only of what wras the effect on his mind caused by his comparing the signatures, but of what would have been the effect if he had given due attention to what the dissimilarities indicated. In my opinion, this was a question for the jury.
If my associate agrees with me, the judgment and order should be affirmed with costs.
Truax, J., concurred.